UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 00-4310

JAMES PEEBLES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-309)

Submitted: November 3, 2000

Decided: November 16, 2000

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian K. Miller, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted James Peebles of various drug and firearms offenses. On appeal, he alleges that the search warrant was invalid and that the evidence was insufficient to find that he engaged in a conspiracy or that he possessed drugs, a firearm, and ammunition. Finding no error, we affirm.

Acting on a complaint of alleged drug activity, Richmond police set up surveillance outside an apartment building. While observing the suspect apartment, police observed two people enter the dwelling and exit a short time later. The second person ("Jones") was observed holding cash as she entered the apartment. When she exited, police saw her put a small packet into her pants pocket. Jones was apprehended as she left the area and the packet was found to contain heroin. Jones told police that she had been purchasing heroin at the apartment every day for the last two weeks.

Based on Jones' statements and their own observations, police obtained and executed a search warrant for the apartment. Officers seized heroin, crack cocaine, a firearm, ammunition, drug paraphernalia, large amounts of cash, and various documents in Peebles' name. Peebles was not present in the apartment at the time of the search, but two co-defendants were.

Prior to trial, Peebles filed a motion to suppress the fruits of the search on the ground that the search warrant was invalid. Specifically, Peebles alleged that the affidavit supporting the warrant contained numerous clerical errors, including the omission of the street name, a failure to note that there was another apartment complex with a similar name a few blocks away, and potential confusion concerning the exact apartment number to be searched. The district court denied the motion after a hearing.

We review the district court's ultimate suppression decision <u>de novo</u>, but the underlying factual decisions are reviewed for clear error. <u>United States v. Rusher</u>, 966 F.2d 868, 873 (4th Cir. 1992). In the

2

present case, we find that the search warrant set forth with sufficient particularity the place to be searched. United States v. Owens, 848 F.2d 462, 463-64 (4th Cir. 1988) (standard). As a threshold matter, the officer who conducted the surveillance of the apartment ("Shamus") also filed the affidavit for the warrant, and he was part of the team that executed it. Based on his own observations and Jones' statements, there was no doubt that the officers searched the correct apartment.[1]

We further find Peebles' clerical "concerns" to be without foundation. Although the typewritten portion of the affidavit failed to identify the street the apartment was located on, Shamus wrote the street name on the affidavit in the presence of the magistrate. Shamus also testified that he was not aware of the existence of a similarly named complex located nearby. Finally, we find that the mere existence of police notes containing what Peebles alleged to be different apartment numbers did not invalidate the warrant. Shamus testified that he did not know who wrote the notes and that there was no confusion in his mind as to which apartment to search.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony and the evidence in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998), cert. denied, 525 U.S. 1141 (1999).

We find that there was substantial evidence to support the jury's conclusion that the apartment belonged to Peebles. Police found several pieces of identification in Peebles' name in a night stand in the bedroom, a birth certificate and various receipts with Peebles' name in a safe underneath the bed,[2] and utility bills for the apartment in Peebles' name. The evidence was also sufficient to find that Peebles

_____
[1] Jones told Shamus that the apartment had a blue bucket in front of the door and a stick in the window for security.
[2] One of the receipts was for a magazine to be delivered to the apartment.

3

possessed the firearm, ammunition, and drugs found in his apartment. The firearm was discovered hidden behind a plumbing access panel; the ammunition was found in the night stand with Peebles' personal documents; and a large quantity of heroin was found in the bedroom closet.

Finally, we find that the evidence was sufficient to support Peebles' conspiracy conviction. Jones testified that Peebles was present on three occasions when she purchased drugs at the apartment; drugs and drug paraphernalia were located throughout Peebles' apartment; and the safe containing Peebles' personal documents also held over $5500 in cash, most of which was in the form of $10 and $20 bills. The Government presented expert testimony that dosage units of heroin were usually sold in $20 amounts. We find that the jury could find from this evidence that Peebles was in charge of the finances for the conspiracy.

Accordingly, we affirm Peebles' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4